Ming Wen v. Garland

BIA
Cheng, IJ
A200 237 531

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of April, two thousand twenty-one.

PRESENT:
>        ROBERT D. SACK,
>        DENNY CHIN,
>        WILLIAM J. NARDINI,
>             *Circuit Judges.*

_____

YONG MING WEN, AKA YOU MING
WENG, AKA YOU MING WEN,
>        *Petitioner*,

>        v.                                    19-3505
>                                              NAC

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
>        *Respondent.*[1]

_____

FOR PETITIONER:                John Son Yong, Esq., New York, NY.

---

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Merrick B. Garland is automatically substituted as Respondent.

**FOR RESPONDENT:** Ethan P. Davis, Acting Assistant Attorney General; Jeffery R. Leist, Senior Litigation Counsel; Raya Jarawan, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED that this petition for review of a decision of the Board of Immigration Appeals ("BIA") is DENIED.

Petitioner Yong Ming Wen, a native and citizen of the People's Republic of China, seeks review of an October 8, 2019, decision of the BIA affirming a March 23, 2018, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yong Ming Wen,* No. A200 237 531 (B.I.A. Oct. 8, 2019), *aff'g* No. A200 237 531 (Immig. Ct. N.Y. City Mar. 23, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances of this case, we have reviewed both the IJ's and BIA's decisions "for the sake of completeness." *Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018).

2

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement . . . , and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. Substantial evidence supports the agency's determination that Wen was not credible as to his claim that police detained and beat him for practicing Christianity in an underground church in China.

The agency reasonably relied on Wen's false statements about the name of his church in China and the purpose of a trip to Moscow. At a credible fear interview, Wen stated that he belonged to an "underground Roman Catholic Church" named Saint Mary's Church. However, in his asylum application

3

and testimony, he stated that he actually belonged to Haiyu Village Christian Church and admitted that he "made up" the name of his church at the credible fear interview. Further, he initially testified that his trip to the United States was the first time he left China but later admitted that he previously went to Moscow to visit relatives and go sightseeing. Upon further questioning, he admitted that the earlier trip was actually an attempt to leave China. The IJ was not required to accept his explanations that he was nervous and afraid of being sent back to China. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)).

Moreover, the agency reasonably relied on Wen's omission during the credible fear interview of a March 2011 police raid on his church. In his asylum application and testimony, he stated that he escaped that raid without being arrested, but gave inconsistent dates for it in his testimony. The IJ was not required to accept his explanation that he "was very tired physically" at the interview. *See Majidi*, 430 F.3d at

4

80; *see also Hong Fei Gao*, 891 F.3d at 78-79 (weight given to an omission depends, in part, on whether "facts are one that a credible petitioner would reasonably have been expected to disclose under the relevant circumstances").

The agency did not abuse its discretion in declining to give weight to Wen's documentary evidence, so that evidence did not rehabilitate his credibility. *See Y.C. v. Holder*, 741 F.3d 324, 332, 334 (2d Cir. 2013) (holding that "[w]e generally defer to the agency's evaluation of the weight to be afforded to an applicant's documentary evidence" and deferring to agency's decision to afford little weight to letter from applicant's spouse); *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question.").

Given these false statements and omission, substantial evidence supports the adverse credibility determination. *See Xiu Xia Lin*, 534 F.3d at 167 (agency may rely on cumulative effect of inconsistencies and omissions). The agency's adverse credibility determination is dispositive of asylum,

5

withholding of removal, and CAT relief because all three claims are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

                                   FOR THE COURT:
                                   Catherine O'Hagan Wolfe,
                                   Clerk of Court